IN AND FOR THE DISTRICT OF DELAWARE

|                              |   |                        |
|------------------------------|---|------------------------|
| UNITED STATES OF AMERICA,    | ) |                        |
|                              | ) |                        |
|     Plaintiff, | ) |                  |
|                              | ) |                        |
| v.                           | ) | Case No.:12-16-LPS     |
|                              | ) |                        |
| WRONALD S. BEST              | ) |                        |
|                              | ) |                        |
|     Defendant. | ) |                   |

### SUPPLEMENT TO DEFENDANT'S SENTENCING MEMORANDUM

TO:  David Hall, AUSA                Edward McAndrews, AUSA
    U. S. Attorneys Office         U.S. Attorneys Office
    1007 Orange Street             1007 Orange Street
    P. O. Box 700                  P. O. Box 700
    Wilmington Delaware 19899      Wilmington, Delaware 19899

    Walter Matthews
    Federal Probation
    824 Market Street - #400
    Wilmington, Delaware 19801

    1.  In our Sentencing Memorandum we addressed the issue of comparable sentences entered under the "Fraud" Guidelines.  This data comes from the United States Sentencing Commission website and as I understand, it is not being challenged by the Government as to its accuracy.  On the other hand, the Government has an objection which they have communicated to the Court regarding the relevance of these numbers since the "Fraud" offenses are not further broken down.

    2.  Counsel has discussed with Mr. Matthews (copy to the Government) information which counsel has received from, counsel believes, a reputable source.  That source is a lawyer by the name of Mark Allenbaugh from Ohio.  He is a respected member of the

1

National Association of Criminal Defense Lawyers - a Preeminent Criminal Defense Association.

    3. What follows is a direct quote from an e-mail to counsel from Allenbaugh in response to an inquiry about getting more relevant sentencing data specific to 18 U.S.C. §2319 -- which he had advised could be determined from the Sentencing Commission website. He also advised, however, that the data was difficult to interpret (he claimed an ability to do so) but he provided me with the following:

> "You. . .inquired about the criminal copyright sentencing data. Attached is a spreadsheet obtaining all sentences for convictions under 18 U.S.C. §2319 only (and which also were sentenced pursuant to U.S.S.G. 2B5.3). As you can see, these cases rarely are prosecuted. From FY 2007-FY 2011 there was a grand total of 84 such sentences contained within the Commission's datafiles. In the same period of time, there were over 350,000 sentencings. These data were pulled directly from the Commission's datafiles for 2007-2011 respectively, but I added two additional variables. [counsel is unsure what this means].
>
> You undoubtedly will have questions about the data and I am happy to make myself available for a conference call, preferably with both of you at the same time. In the meantime, the data for each fiscal year is separated out in a separate tab. There also is one tab named "Overall" where all data is accumulated to give you a 5-year overview. Looking at the Overall tab, you will see under column E at the bottom a series of statistics. The mean indicates the average for all sentences (using the Senttot0 variable but now I'm getting very technical).

>At any rate, the average sentence for the 84 criminal copyright cases over the last 5 years is merely 7 months. Courts varied downward from the bottom of the Guideline range in 55 of the 84 cases, or nearly two-thirds of the time (65.5%), and when they did vary downward, the average variance was 12 months. Further, straight probation was imposed in nearly half of the cases (49.4%).

4. Counsel recognizes the limitations in these conclusions which Allenbaugh claims are drawn from the data. First and foremost, counsel has been unable to successfully determine a way in which to confirm this data. As such, counsel realizes that at least three questions arise:

>(1). What are Allenbaugh's qualifications?

>(2). Is the data accurate?

>(3). Are Allenbaugh's conclusions accurate?

5. Counsel has brought the data to the attention of the Government and counsel is aware the Government will not adopt Allenbaugh's conclusions. However, it will advise you of their position in this regard.

6. In any event, counsel understands the inherent limitations of this data. Counsel brings it to the Court's attention for whatever consideration the Court deems appropriate.

>_____
>Edmund Daniel Lyons - 0881
>Attorney for Defendant
>1526 Gilpin Avenue
>P. O. Box 579
>Wilmington, Delaware
>(302) 777-5698

Dated: March 12, 2013

**AFFIDAVIT OF MAILING**

I, Donna L. Hendricks, secretary for Edmund Daniel Lyons, Esquire hereby certifies that on this 12th day of March, 2013, I caused a copy of the attached: Supplement to Defendant's Sentencing Memorandum to be delivered electronically to the following:

David Hall, AUSA
1007 Orange Street, #700
P. O. Box 2046
Wilmington, DE  19899

Edward McAndrews, AUSA
1007 Orange Street, #700
P. O. Box 2046
Wilmington, DE  19899

Walter Matthews
Federal Probation
824 Market Street - #400
Wilmington, Delaware 19801

This document is available for public viewing and downloading.

_Donna L. Hendricks_
Donna L. Hendricks